```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
```

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, | : : : Civil Action No. |
| Plaintiff, | : : 10-63 |
| v. | : : |
| **NATOMA CAFE, INC. d/b/a NATOMA CAFE, THOMAS D. ATHAN, ALEXIS A. ATHAN, and GEORGEANN FRANCE,** | : : : : |
| Defendants. | : |

**COMPLAINT**

**COUNT I**

**I.**

Plaintiff brings this action to enjoin Defendants from violating the provisions of Section 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. 201 et. seq.), (hereinafter called the Act).

**II**

Jurisdiction of this action is conferred upon the court by Section 17 of the Act.

**III**

(a) Defendant Natoma Cafe, Inc., d/b/a Natoma Cafe, at all times relevant to this proceeding, was an Ohio corporation having its main office within the jurisdiction of this Court in Newark, Ohio where it was engaged in business as a restaurant;

(b) Defendant Thomas D. Athan at all times relevant to this proceeding, was and is part owner and president of the corporate defendant and acts and has acted directly or indirectly in its

interests in relation to its employees, as an employer within the meaning of the Act.

(c) Defendant Alexis A. Athan at all times relevant to this proceeding, was and is part owner and secretary of the corporate defendant and acts and has acted directly or indirectly in its interests in relation to its employees, as an employer within the meaning of the Act.

(d) Defendant Georgeann France at all times relevant to this proceeding, was and is part owner and treasurer of the corporate defendant and acts and has acted directly or indirectly in its interests in relation to its employees, as an employer within the meaning of the Act.

**IV**

(a) Defendants are, and at all times hereinafter mentioned were, engaged in performance of related activities for a common business purpose, constituting an enterprise within the meaning of Section 3(r) of the Act.

(b) At all times hereinafter mentioned, the enterprise described in IV(a) has been and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, having been and being an enterprise having an annual dollar volume in excess of $500,000.00 exclusive of excise taxes at the retail level and having had and having employees engaged in commerce or in the

production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

**V**

Plaintiff conducted an investigation of Defendants under the Fair Labor Standards Act and determined that for the period from January 27, 2007 through January 24, 2009 Defendants failed to pay minimum wage and overtime compensation totalling $52,441.25 to 45 employees listed on Exhibit A.  Plaintiff attempted to supervise the distribution of back wages to Defendants' employees and obtained the agreement of Defendants to a payment plan requiring the payment of $52,441.25 plus $1,2245 in interest over a period of 18 months. A copy of the "Back Wage Compliance and Payment Agreement" with an agreement to pay the amounts listed therein signed by Defendant Georgeanne France, is atached as Exhibit B.  Defendants have failed to provide proof to the Plaintiff that they have made the payments indicated on the "Back Wage Compliance and Payment Agreement" despite repeated demands by the Plaintiff.

**VI**

Defendants have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the Act by paying to many of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in

3

commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, wages at rates less than the applicable minimum wage since January 27, 2007.

## VII

Defendants have repeatedly and willfully violated and they are violating the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours since January 27, 2007 without compensating these employees for their employment in excess of forty (40) hours, at rates not less than one and one-half times the regular rate at which they were employed.

## VII

Defendants have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by regulations (29 C.F.R. 516) issued by the Administrator of the Wage and Hour and Public Contracts Division,

United States Department of Labor; that is to say, the records kept by Defendants fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, with respect to many of their employees.

**IX**

Defendants have violated the aforesaid provisions of the Act. A judgment enjoining the violations hereinabove alleged is expressly authorized by Section 17 of the Act.

**COUNT TWO**

**X**

Plaintiff brings this action to recover from Defendants minimum wage and overtime compensation due their employees listed herein, under the provisions of the Act.

**XI**

Jurisdiction of this action is conferred upon the Court by Section 16(c) of the Act and by 28 U.S.C. §1337 and §1345.

**XII**

Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs III and IV above.

**XIII**

a) With respect to the employees of Defendants listed on the attached Exhibit "A" for the time periods specified therein, Defendants have violated Section 6 of the Act by employing said employees engaged in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the Act, as aforesaid, at rates less than the applicable minimum wage since January 27, 2009.

    b)   In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of Sections 6 and 15(a)(2) of the Act by continuing to employ employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, at rates less than the applicable minimum wage since January 27, 2007.

## XIV

    a)   With respect to the employees of Defendants listed on the attached Exhibit "A" for the time periods specified therein, Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act by employing these employees in an enterprise engaged in commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours since January 27, 2009, without compensating these employees for their employment in excess of forty (40) hours, at rates not less than one and one-half times the regular rate at which they were employed.

    b)   In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours since January 27, 2007 without compensating these employees for their employment in excess of forty hours, at rates not less than one and one-half times the regular rate at which they were employed.

**XV**

a)  As a result of the aforesaid violations of Sections 6 and 7 of the Act, there is due and owing from Defendants to the specified employees the amount which is stated in the attached Exhibit "A." Said sum has been demanded of Defendants and remains unpaid.

b) In addition, as a result of the continuing violations alleged in paragraphs XIII(b) and XIV(b), there is due and owing from Defendants to employees further amounts of backwages consisting of unpaid minimum wage and overtime compensation in an amount to be determined by the court.

**WHEREFORE**, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from violating the provisions of Sections 15(a)(2) of the Act, and for such other and further relief as may be necessary and appropriate.

Further, Plaintiff demands judgment against Defendants in the amount of $52,441.25 for unpaid minimum wage and overtime

compensation due under the Act as listed in the Exhibit "A" attachment to this complaint, plus all further backwages determined by the court to be due as a result of Defendants' continuing violations, and for liquidated damages in an amount equal to the total backwages found due, plus costs and other appropriate relief.

/s/Patrick L. DePace_____
**PATRICK L. DEPACE**
Trial Attorney

U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3874
(216) 522-7172 facsimile
depace-patrick@dol.gov

OF COUNSEL:

BENJAMIN T. CHINNI (0025356)
Associate Regional Solicitor

SANDRA B. KRAMER (0002071)
Senior Trial Attorney